AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| **United States District Court** | District: Massachusetts |
| Name: Thomas Rosa, Jr. | Prisoner No. W-48991    Case No. |
| Place of Confinement: Massachusetts Correctional Institution 2 Clark Street P.O. Box 43 Norfolk, MA 02056 | |

Name of Petitioner (include name under which convicted)

Thomas Rosa, Jr.

V.

Name of Respondent (authorized person having custody of petitioner)

The Attorney General of the State of: Massachusetts

04 10174 NG

PETITION

MAGISTRATE JUDGE Cohen

1. Name and location of court which entered the judgment of conviction under attack  Suffolk Superior Court, Boston, Massachusetts

2. Date of judgment of conviction  March 3, 1993

3. Length of sentence  Life without possibility of parole

4. Nature of offense involved (all counts)  First-degree murder

    Kidnapping

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

RECEIPT # 53398
AMOUNT $ 5 —
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 1-26-04

(2)

9. If you did appeal, answer the following:

   (a) Name of court   **Massachusetts Supreme Judicial Court**

   (b) Result   **Affirmed**

   (c) Date of result and citation, if known   **Commonwealth v. Rosa, 422 Mass. 18 (1996) issued February 9, 1996.**

   (d) Grounds raised   **See attached continuation sheet.**

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   **Suffolk Superior Court**

    (2) Nature of proceeding   **Pro-se Motion For A New Trial and Amended Motion For A New Trial**

    (3) Grounds raised   **See attached continuation sheet.**

(3)

# CIVIL COVER SHEET
## ATTACHED CONTINUATION SHEET

9 (d). Grounds Raised: The judge abused his discretion and committed constitutional error in refusing to allow the defendant to present testimony about, and photographs of a "look-alike" to the jury; Prejudicial error for the judge to refuse to instruct the jury on "consciousness of innocence"; Judge's supplemental instruction on circumstantial evidence depriving the defendant of his fundamental constitutional right not be convicted except upon proof beyond a reasonable doubt; Because the judge's instructions on both of the theories of first degree murder on which the jury returned their verdicts were constitutionally deficient, the verdict of gouty of murder in the first degree cannot stand.

## CIVIL COVER SHEET
## ATTACHED CONTINUATION SHEET

11(a)(3).   On May 24, 1999 the Petitioner filed a "pro-se" motion to dismiss, strike or set aside the prior conviction. On September 7, 1999, the defendant filed a pro-se motion for release from unlawful restraint due Prosecutorial negligence resulting in the loss of potentially exculpatory evidence and trial counsel's ineffective assistance of counsel for failing to object to the loss of this evidence. The Petitioner filed a supporting affidavit, a motion for appointment of counsel and a motion for a new trial with supporting affidavit. The Court never acted on the pro-se motions. On April 17, 2002 undersigned counsel filed an amended motion for a new trial with supporting affidavits and memorandum of law. The defendant also requested a hearing on these issues. The issues raised in the amended motion were that a new trial must be granted since the newly discovered DNA evidence casts real doubt on the Justice of the conviction; the defendant's inability to have presented this information to a jury violated his right to present witnesses in his favor as provided by the Sixth Amendment to the United States Constitution; and violated his rights to due process of law as provided by the Fifth and Fourteenth Amendments to the United States Constitution; the defendant is entitled to a reversal of his conviction and dismissal since failure to preserve lost/destroyed evidence by the Commonwealth deprived the defendant of a fair trial and the opportunity to produce evidence favorable to his cause in violation of the state and federal laws and constitution; A new trial must be ordered since the defendant was deprived of his state and federal constitutional right to effective assistance of counsel by: (1) trial counsel's stipulation to the blood grouping of the defendant's brothers; and (2) trial counsel's stipulating to the brothers blood groupings without discussion with or the consent of the defendant; a new trial must be ordered since it appears that justice may not have been done.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result __Denied__

(6) Date of result __January 31, 2003__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __Massachusetts Supreme Judicial Court__

(2) Nature of proceeding __Petition for Leave to Appeal, denial of Defendant's Motion for New Trial pursuant to M.G.L. 278 Section 33E__

(3) Grounds raised __See attached continuation sheet.__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☒

(5) Result __Petition denied__

(6) Date of result __October 17, 2003__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☒    No ☐
(2) Second petition, etc.   Yes ☒    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

## CIVIL COVER SHEET
## ATTACHED CONTINUATION SHEET

11(b)(3).   Grounds Raised: Newly discovered DNA evidence eliminates a crucial premise relied on by the Commonwealth in all of the defendant's trials which raises a new and substantial question worthy of review by the full court; The Commonwealth's failure to preserve evidence deprived the Petitioner of a fair trial; due process of law and the opportunity to produce evidence favorable to his cause; the singe justice of this court should grant the defendant leave to appeal because the defendant was deprived of his state and federal constitutional right to effective assistance of counsel which is a new and substantial issue worthy of consideration by the full court; the motion judge's denial of the defendant's request for a hearing is a new and substantial issue that should be reviewed by the full court.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.   Ground one: __See continuation sheet attached.__

Supporting FACTS (state *briefly* without citing cases or law) __To prove the identification of the perpetrator, the Commonwealth maintained that a stain found on a jacket confiscated from the Petitioner's house, purported to have been worn by the perpetrator, was consistent with coming from the victim. The Commonwealth emphasized this evidence in its opening, through direct testimony and during closing argument. (SEE CONTINUATION SHEET ATTACHED)__

B.   Ground two: __Commonwealth's destruction of/failure to preserve evidence deprived the defendant of a fair trial; due process of law and the opportunity to produce evidence favorable to his cause.__

Supporting FACTS (state *briefly* without citing cases or law) __According to the Boston Police Crime Laboratory Report, two items [white slacks worn by the victim and the white long sleeve sweater identified as being "used as a ligature"] tested positive for the presence of blood however, no further testing was done on these items. (SEE CONTINUATION SHEET ATTACHED)__

(5)

CIVIL COVER SHEET
ATTACHED CONTINUATION SHEET

12 A.  Ground One: Conviction obtained by a violation of the defendant's rights to have compulsory process for obtaining witnesses in his favor, Petitioner was denied the opportunity to produce all proofs that may be favorable to him; and Petitioner was deprived of the due process of law since newly discovered DNA evidence will probably result in an acquittal upon retrial of the Petitioner.

Supporting Facts (continued): The source of the stain was a critical piece of evidence for the Commonwealth to connect the confiscated coat to the victim and ultimately to the crime. The evidence presented at trial left the jury with the impression that the victim was the source of the stain on the lapel of the brown coat. Post-conviction DNA testing, which was not available at the time of the defendant's trial, eliminated the victim as the source of the stain. [The specific testing was validated in February 1999]. These results are critical since the main issue in the case was the identification of the perpetrator. The case against the Petitioner was circumstantial and the newly discovered evidence established that one of the crucial inferences [the victim was the source of the stain on the lapel] that the Commonwealth and the Supreme Judicial Court relied on was false.

12. B. Supporting Facts (continued): In preparation for the filing of the motion for a new trial, undersigned counsel attempted to locate the physical evidence in this case however, it was lost by the District Attorney's Office.

The loss of the sweater/ligature was significant since it was the means by which the victim was killed. The medical examiner highlighted the importance of the sweater when he testified, "In a case like this, obviously, the first thing you're going to do is recover the ligature, the thing with which I subsequently determined this woman was killed, take that off, save it."

According to Cellmark, if blood were in fact present on the white slacks and the white sweater, and if these items were stored properly, it is possible that results could have been obtained relatives to the source of these stains using polymerase chain reaction technique (PCR) based short tandem repeat (STR) testing. Fluorescent STR makers were first described in 1991, and the first muliplex STR kits became available in 1996 after the defendant's trial. If the Commonwealth had not lost this evidence, this testing could have been done when other items were tested in 2001. The testing of these items was crucial since there was no evidence that the defendant or the victim was bleeding during the incident. Accordingly, the blood on the ligature (murder weapon) and the pants would have come from the real perpetrator. In view of the fact that the items preliminarily tested positive for the presence of blood, the exculpatory value that was apparent before the evidence was destroyed. Additionally, in view of the fact that these were the only areas that blood was detected the defendant would be unable to obtain comparable evidence by other reasonably available means.

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

    Not applicable.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing    Attorney Gordon A. Oppenheim, Committee for Public Counsel Services, 450 Washington St., Dedham, MA 02026

    (b) At arraignment and plea    Attorney Gordon A. Oppenheim, Committee for Public Counsel Services, 450 Washington St., Dedham, MA 02026

(6)

(c) At trial   Attorney Stephanie Page, Committee for Public Counsel Services, 44 Bromfield St., Boston, MA 02108

(d) At sentencing   Attorney Stephanie Page, Committee for Public Counsel Services, 44 Bromfield St., Boston, MA 02108

(e) On appeal   Attorney Brownlow M. Speer, Committee for Public Counsel Services, 44 Bromfield St., Boston, MA 02108

(f) In any post-conviction proceeding   Attorney Kathleen M. McCarthy, 160 State St., 8th Floor, Boston, MA 02109

(g) On appeal from any adverse ruling in a post-conviction proceeding   Attorney Kathleen M. McCarthy, 160 State St., 8th Floor, Boston, MA 02109

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

    Yes [X]    No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes [ ]    No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes [ ]    No [ ]

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Kathleen M. McCarthy_
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-05-04
(date)

_John Rosa Jr._
Signature of Petitioner

(7)