UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
THOMAS ROSA, JR., )
    Petitioner, )
)
v. )   Civil Action No. 04-10174-NG
)
MICHAEL MALONEY, )
    Respondent. )
)

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Michael Maloney's (the respondent) Motion to Dismiss the habeas corpus petition filed by Thomas Rosa, Jr. (the petitioner) on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

### PRIOR PROCEEDINGS

On February 11, 1986, a Suffolk County grand jury returned indictments against the petitioner for first degree murder, kidnapping and aggravated rape. The petitioner's first trial ended in a mistrial when the jury failed to reach a unanimous verdict. Following a second trial, the jury convicted the petitioner of all charges on November 25, 1986. The Supreme Judicial Court reversed the convictions on March 9, 1992 due to the prosecutor's substantive use of testimony admitted solely to impeach the credibility of the petitioner's

---

[1] Since it is clear from the face of the petition and the attached docket sheets that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

wife in his closing argument. See Commonwealth v. Rosa, 412 Mass. 147, 587 N.E. 2d 767 (1992).

Following a third trial before Justice Richard Banks, the jury convicted the defendant of first-degree murder and kidnapping and acquitted him of the rape charge. The Supreme Judicial Court affirmed the convictions on February 9, 1996. See Commonwealth v. Rosa, 422 Mass. 18, 661 N.E. 2d 56 (1996).

On September 7, 1999 the petitioner filed a pro-se motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30(a). The court never acted on this motion.

On April 18, 2002 the petitioner, through counsel, filed an amended motion for new trial. On February 3, 2003, the petitioner filed a supplemental memorandum. On January 31, 2003 Justice Charles Spurlock denied the motion without a hearing and upheld this denial on February 3, 2003. On February 26, 2003, the petitioner filed an application for leave to appeal the denial of this motion pursuant to M.G.L. c. 278, § 33E. A single justice of the Supreme Judicial Court denied the petition on October 17, 2003.

On January 26, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## **ARGUMENT**

**I.     THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the AEDPA:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition at issue in this case was filed on January 26, 2004. The Massachusetts Supreme Judicial Court upheld the petitioner's convictions on February 9, 1996. Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, the petitioner's conviction became final on May 9, 1996. See 28 U.S.C. §2244(d)(1)(A). The petitioner then one year from that date, or until May 9, 1997 to file a habeas corpus petition or a post-conviction motion that would toll the statute of limitations period.

The petitioner alleges in his argument regarding the first claim that the DNA testing

that was done on his coat was not available during at the time of his three trials (memo, p. 8). He claims that the type of test used was first described in 1991 and the first test kits became available in 1996. The specific test kit used to test his coat was validated by numerous labs in 1999 and Cellmark Diagnostics, the laboratory that tested the petitioner's coat, began using this testing system in February 1999 (memo, pp. 8-9). Therefore the factual predicate of his claim could have been discovered through the exercise of due diligence in 1999. See 28 U.S.C. § 2244(d)(1)(D); *Brackett v. United States*, 270 F.3d 60, 69 (1st Cir. 2001) ("provision's reference to 'factual predicates' has been interpreted to mean evidentiary facts or events and not court rulings or legal consequences"); *Owens v. Boyd*, 235 F.3d 356, 259 (7th Cir. 2001) ("the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner"). However, the petitioner failed to bring his amended motion for new trial raising the "newly discovered evidence" until April 18, 2002, well after the one year limitations period had run.

The petitioner's second claim, to the extent that it relies on the tolling provision of § 2244(d)(1)(D) is similarly time-barred. Additionally, the argument that the petitioner's due process rights were violated by the Commonwealth's loss of the victim's clothing was available during the petitioner's direct appeal in 1996, since the prosecutor admitted during the 1993 trial that the evidence had been lost (memo, p. 23). His failure to bring the claim until at least 1999 is well past the statute of limitations period.

The petitioner has filed the petition well beyond the time provided by the statute. The petition must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,<br>
THOMAS F. REILLY<br>
Attorney General<br>
<br>
*/s/ Susanne Reardo*<br>
Susanne G. Reardon, BBO # 561669<br>
Assistant Attorney General<br>
Criminal Bureau<br>
One Ashburton Place<br>
Boston, Massachusetts 02108<br>
(617) 727-2200, ext. 2832

Date: February 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Kathleen McCarthy, 160 State Street, 8th Floor, Boston, MA 02109, by first class mail, postage prepaid, on February 23, 2004.

*/s/ Susanne Reardo*
Susanne G. Reardon
BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832