UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS ROSA, JR.,
    Petitioner

v.                                        Civil Action No. 04-10174-NG

MICHAEL T. MALONEY
    Respondent

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS PETITION

The Petitioner erroneously claims that the petitioner's writ of habeas corpus is time barred by the statute of limitations. As discussed in the petition on May 24, 1999 the Petitioner filed a "pro-se" motion to dismiss, strike or set aside the prior conviction. On September 7, 1999, the defendant filed a pro-se motion for release from unlawful restraint due to the loss of potentially exculpatory evidence and trial counsels ineffective assistance of counsel for failing to object to the loss of this evidence. The defendant filed a motion for release from unlawful restraint due to ineffective assistance of counsel and prosecutorial negligence pursuant to Mass. R. Crim. P. 30 (A) with a supporting affidavit; a motion for appointment of counsel; a motion for a new trial with supporting affidavit. The Court never acted on the pro-se motions. On April 17, 2002 undersigned counsel filed an amended motion for a new trial with supporting affidavits and memorandum of law. The defendant also requested a hearing on these issues.

The specific testing [Fluorescent STR markers] that the petitioner relied on in raising his newly discovered evidence claim was were first described in 1991, and the first multiplex STR kits became available in 1996. Fluorescent multiplex STR kits (including the Profiler Plus TM kit) were validated by numerous labs in 1999 and during

this general time frame, the FBI and other agencies converted to these methods. Cellmark began using this testing system in February of 1999. [1] ***In the Suffolk Superior Court, the Commonwealth did not challenge the claim that the DNA evidence qualified as newly discovered evidence. (Emphasis added).***

In this case, the factual predicate of the claim became available in February of 1999. On September 7, 1999, the defendant properly filed a pro-se motion for a new trial. The statute allows that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § (d) (2). Thus, the period of time from September 7, 1999 until October 17, 2003 when the Supreme Judicial Court denied the petitioner's leave to appeal the denial of the defendant's motions pursuant to M.G.L.C. 278 §33E is excludable from the one year period of limitation. 28 U.S.C. § (d) (1). Even if the Court counted the seven months from February to September of 1999 and added them to the three months from October 17, 2003 until January 24, 2004, the total would be ten months. Accordingly, the filing of this petition on January 24, 2004 was within the one year period.

The defendant also respectfully requests a hearing on these issues.

---

[1] A complete discussion is described in petitioner's memorandum at pp.7-9.

## CONCLUSION

For all of the above-stated reasons the Petitioner respectfully requests that the Court grant this petition.

THOMAS ROSA
By his attorney,

*/s/ Kathleen M. McCarthy*
Kathleen M. McCarthy
160 State Street, 8th Floor
Boston, MA 02109
(978) 975-8060
B.B.O. #550624

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document was served on Susanne G. Reardon, Assistant District Attorney One Ashburton Place, Boston, MA 02108