UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS ROSA, JR.,
    Petitioner

v.                                                           Civil Action No. 04-10174-NG

MICHAEL T. MALONEY
    Respondent

## PETITIONER'S SUPPLEMENTAL ARGUMENT

As supplemental to the Petitioner's oral argument on November 7, 2004 the Petitioner submits that the Court can consider his claims "de novo" since the state court never addressed his federal claims on the merits of either issue. *Martinez v. Spencer*, 195 F. Supp. 2d 284, 298 (Mass. 2002) citing *Fortini, III v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001).

### Stain evidence

As discussed at length in Petitioner's previously submitted briefs and at oral argument, it is undisputed that the Commonwealth presented false evidence at all three trials that the stain on the brown coat confiscated from the Petitioner's apartment was consistent with coming from the victim. The Petitioner previously outlined to the Court at length the significance of the stain and the prejudice to him. [See Primary Brief at pp.5-19; Supplemental Brief at pp.4-8, 10-17]. Since the State Court failed to address the federal claims this Court can evaluate the claims "de novo." Id. Applying the federal law to the Petitioner's claims the Court is justified in concluding that the presentation of this false evidence deprived the defendant of a fair trial, due process of the law and of the right to present witnesses in his favor as required by the federal constitution. U.S.C.A. Fourteenth; U.S.C.A. Fifth. Thus, applying the facts as found by the Single Justice to this

1

case this Court may still find that the defendant's federal rights were violated. The Petitioner is not conceding that the record factually supported the findings of the Single Justice. *Townsend v. Sain,* 372 U.S. 293, 316 (1963) citing *Fiske v. Kansas,* 274 U.S. 380 385; *Blackburn v. Alabama,* 361 U.S. 199, 208-209. However, if the Court finds that they are, this Court can apply the federal standard to the same facts and find that his federal rights were violated. Thus, the granting of the writ of habeas is warranted. *Schlup v. Delo,* 513 U.S. 298, 321-327 (1995); *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

Additionally, despite the fact that it appears that the First Circuit has no applicable precedent regarding the handling of post-conviction newly discovered DNA evidence, applying the traditional standard articulated in *Wright* and it's progeny the petitioners is also entitled to habeas relief. *U.S. v. Bigneau,* 337 F.3d 62, (1st Cir. 2003) citing *United States v. Wright,* 625 F. 2d 1017, 1019 (1st Cir. 1980); *United States v. Colon-Munoz,* 318 F.3d 348, 358 (1st Cir. 2003).   [A motion for new trial on the basis of newly discovered evidence will ordinarily not be granted unless the moving party can demonstrate that: (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of the defendant].   For a complete analysis of this standard the Petitioner refers the Court to Petitioner's Primary Brief at pp.5-19.

This case is not the "garden variety" newly discovered evidence case.   In *Herrera,* and similar cases the Petitioner was not attacking the evidence presented at trial

but claiming that new evidence, not presented to the trial jury, showed he was actually innocent. The case at bar is different in that the "newly discovered evidence" unequivocally demonstrates that the prosecution presented false. In view of the fact that the Commonwealth presented false evidence to the jury the Petitioner's trial was infected with constitutional error, i.e., the deprivation of his right to present witnesses in his favor [to demonstrate that the Commonwealth's premise that the stain came from Taylor was false], the deprivation of his rights to a fair trial and the deprivation of this rights to due process of the law. Accordingly, the Petitioner's claims are cognizable on habeas corpus review.

In addition to demonstrating "actual innocence" [see discussion in Supplemental Brief at pp.9-14] the above discussion and the previously filed memorandum of the petitioner demonstrates that the independent constitutional violations which occurred at the trial probably resulted in his conviction and the granting of the writ of habeas is justified. *Schlup v. Delo*, 513 U.S. 298, 321-327 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**Newly Discovered Evidence**

Similarly, the Petitioner's claim relative to the Commonwealth's loss/destruction of evidence is also cognizable at this time. As previously discussed, the state court also did not address the federal claim in this area. *Martinez v. Spencer*, 195 F. Supp. 2d 284, 298 (Mass. 2002) citing *Fortini, III v. Murphy*, 257 F.3d 39, 44 (1st Cir. 2001). As discussed at oral argument and in the Petitioner's previously filed brief, the Petitioner has established "Actual Innocence." [See, Petitioner's Supplemental Brief at pp. 9-14]. The Commonwealth's loss or destruction of the pants and sweater with the

blood stain on them deprived the defendant of a fair trial and deprived him of an opportunity to present evidence in his favor as required by the federal constitution.

The fact that the items preliminarily tested positive for the presence of blood coupled with the fact that there were hairs not from either party found on pants and a bra recovered from underneath Taylor illustrates that the exculpatory value that was apparent before the evidence was destroyed. *California v. Trombetta*, 476 U.s. 479, 489 (1984); *DiBenedetto v. Hall*, 272 F.3d 1, 13 (1st Cir. 2001). Additionally, none of the hairs from the pubic hair lift were consistent with coming from the Petitioner. In view of the fact that these locations on the pants and the ligature were the only areas that blood was detected the Petitioner would be unable to obtain comparable evidence by other reasonably available means. Id. The loss of these items by the District Attorney's Office deprived the Petitioner of the opportunity to conduct testing that might otherwise have exculpated him. *United States v. Alston*, 112 F.3d 32, 35 (1st Cir. 1997). It would be exculpatory if testing established that the Petitioner was not the source of the blood on the pants or ligature. The fact that the Petitioner was denied the opportunity to test these items and denied the opportunity of presenting the results of the testing on these items to the jury deprived him of his federal constitutional rights to present evidence in his favor, his right to a fair trial and due process of the law. U.S.C.A. 5th; U.S.C.A. 6th; U.S.C.A. 14th.

## CONCLUSION

The above discussion coupled with the previously filed briefs and oral argument illustrates that applying the federal standard to the facts of this case the Petitioner is entitled to habeas relief.

THOMAS ROSA
By his attorney,

Kathleen M. McCarthy
160 State Street, 8th Floor
Boston, MA 02108
(978) 975-8060
B.B.O. #550624